**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No.: _____

SHEDRICK MILLER, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

KIMBRELL'S OF NORTH CAROLINA, INC.,

        Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Kimbrell's of North Carolina, Inc., ("Kimbrell's" or "Defendant"), removes the action pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE-20-020424. The Broward County Circuit Court is within the Fort Lauderdale division of the Southern District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), because Plaintiff, Shedrick Miller ("Plaintiff" or "Miller"), has brought claims solely for alleged violations of the Telephone Consumer Protection Act ("TCPA"), both under the federal statute, 47 U.S.C. § 227, *et seq.*, and under the regulations implementing the statute, 47 C.F.R. § 64.1200.

### II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiff filed his action in state court on December 7, 2020.[1] Kimbrell's was served with a copy of the complaint on December 15, 2020, and the deadline to remove this action is thirty (30) days from the date of service. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica,*

---

[1] An updated and correct copy of the Broward County Circuit Court's progress docket is attached hereto as **Exhibit A**.

*Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, Kimbrell's deadline for removal is January 14, 2021. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **Composite Exhibit B** in compliance with 28 U.S.C. § 1446(a).  Kimbrell's will file any supplemental papers not available as of the date of this notice if it becomes necessary.

Contemporaneous with the filing of this notice of removal, Kimbrell's has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **Exhibit C**.  The original notice, with exhibits, is being filed with the Clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Kimbrell's is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). The basis of Plaintiff's claims are Kimbrell's alleged violations of the TCPA both under the statute itself, 47 U.S.C. § 227, *et seq.,* and pursuant to the FCC's implementing regulations, under 47 C.F.R. § 64.1200.  Accordingly, this Court has original jurisdiction over this matter.

A.     **Plaintiff's Complaint Raises a Federal Question.**

Pursuant to 28 U.S.C. § 1331, United States District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F. 3d 1268, 1273 (11th Cir. 2010). Accordingly, claims for violation of federal statutes properly give rise to federal question jurisdiction. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F. 3d 1268, 1274 (11th Cir. 2010).

Federal courts answer "the question whether a claim 'arises under' federal law...by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)). Here, Plaintiff's complaint asserts two counts – one for a violation of the TCPA and one for a violation of 47 C.F.R. § 64.1200, a federal regulation promulgated by the Federal Communications Commission (FCC). *See* Comp. Ex. B at Compl., ¶¶ 47-59; *see also Becker v. Pro Custom Solar LLC*, 2020 WL 474647, No. 2:19-cv-535-FtM-29NPM (M.D. Fla. Jan. 29, 2020). Because federal law created the sole foundation of these causes of action, these claims arise under federal law. *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808; *see also Nece v. Quicken Loans, Inc.*, 2018 WL 1326885, No. 8:16-cv-2605-T-23CPT (M.D. Fla. Mar. 15, 2018) (ruling on claims based on violations of 47 C.F.R. § 64.1200 in federal court). Accordingly, Plaintiff has raised a federal question by bringing an action arising under the laws of the United States, which invokes the original jurisdiction of this Court. Therefore, removal is proper.

**B.    This Action is Filed in Broward County, Located in the Fort Lauderdale Division of this Court.**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Here, Plaintiff's action has been filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. Broward County is located in the Fort Lauderdale Division of this Court. Thus, Defendant states that removal to the Fort Lauderdale Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper because the complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). Plaintiff has brought a civil action for violation of the laws of the United States, specifically of the TCPA, a federal statute and of its regulations promulgated by the FCC, thus invoking the original federal question jurisdiction of this Court. Kimbrell's has met all procedural requisites for removal, and this notice is timely filed. As such, Kimbrell's respectfully requests this Court take jurisdiction and conduct all further proceedings in this case.

Respectfully submitted January 14, 2021.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile: (954) 337-7636
*Counsel for Defendant, Kimbrell's of North Carolina, Inc.*

By:    */s/ Eve A. Cann*_____
Eve A. Cann
Florida Bar No.: 40808
ecann@bakerdonelson.com
Spencer D. Leach
Florida Bar No.: 110753
sleach@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2021, I served the foregoing document by e-mail and/or U.S. Mail to the following:

| | |
|---|---|
| Manuel S. Hiraldo, Esq. | Jibrael S. Hindi, Esq. |
| HIRALDO P.A. | THE LAW OFFICES OF JIBRAEL S. HINDI |
| 401 E. Las Olas Boulevard, Suite 1400 | 110 S.E. 6th Street, Suite 1744 |
| Fort Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| mhiraldo@hiraldolaw.com | jibrael@jibraellaw.com |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |

By:    */s/ Eve A. Cann*
         Eve A. Cann